Martin Thomas SCHWEINLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 390–95.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 7, 1996.

Robert G. Turner, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston,
Robert A. Huttash, State's Atty., Austin, for
the State.

*OPINION ON APPELLANT'S PETITION*
*FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted appellant of aggravated kidnapping and assessed his punishment at confinement for fifteen years in the penitentiary. The conviction was affirmed. *Schweinle v. State*, 893 S.W.2d 708 (Tex. App.—Texarkana 1995). We granted discretionary review to determine whether evidence of extraneous offenses and expert testimony regarding "battered woman syndrome" was improperly admitted in the guilt-innocence phase, and whether a lesser included offense was raised by the evidence. Due to our disposition of the latter issue, which is raised in ground four of appellant's petition, we will not address grounds one, two and three and will dismiss them without prejudice.

Appellant and the complainant became engaged after a brief courtship, and the complainant, who had formerly lived with her parents, moved into appellant's house. However, the couple began arguing, and the complainant moved back to her parents' house, although she would occasionally spend the night with appellant. On October 23, 1991, they had planned that appellant would pick up some food for dinner, and the complainant would meet appellant at his father's liquor store, where appellant worked. The complainant was alone at her parents' house changing clothes when she heard a door slam. Appellant came into the bedroom, enraged because the complainant had not met him at the liquor store as planned. The complainant testified appellant told her she was coming with him, that he had some food in the car and she was going to eat every bite of it. He grabbed her by the arm, dragged her down the hall and slapped her. The complainant told appellant she did not want to go with him, but appellant insisted she was coming with him and walked her to the truck. As appellant was driving, he smeared a steak sandwich in the complainant's face and pointed a gun at her, telling her he would shoot her if she tried to escape. Appellant drove the truck to a subdivision near his house in which roads had been built but no houses constructed. There, he threw another sandwich at her and hit her in the stomach with his fist. He then drove to his house, where he continued to beat her with a belt and a rolled-up newspaper covered with duct tape. The next morning appellant took the complainant to her parents' house.

■ In ground four, appellant contends the Court of Appeals erred by holding that the lesser included offense of false imprisonment was not raised by the evidence. Whether a charge on a lesser included offense is required is determined by a two-pronged test. First, we must determine whether the offense constitutes a lesser included offense. Tex.Code Crim.Proc.Ann. art. 37.09 provides that an offense is a lesser included offense if, *inter alia:* "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Second, the lesser included offense must be raised by the evidence at trial. In other words, there must be some evidence which would permit a rational jury to find that if guilty, the defendant is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666 (Tex.Cr. App.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993), citing *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App. 1981). Anything more than a scintilla of evidence from any source is sufficient to entitle a defendant to submission of the issue. *Bignall v. State*, 887 S.W.2d 21 (Tex.Cr.App. 1994).

Under V.T.C.A. Penal Code, § 20.03, a person commits the offense of kidnapping if he intentionally or knowingly abducts another.[1] " 'Abduct' means to restrain a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." " 'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining

---

1. Aggravated kidnapping, as alleged in the instant case occurs when the actor abducts the victim with intent to inflict bodily injury. V.T.C.A. Penal Code, § 20.04(a)(4).

him. Restraint is 'without consent' if it is accomplished by force, intimidation, or deception...." V.T.C.A. Penal Code, § 20.01.

■ A person commits the offense of false imprisonment if he "intentionally or knowingly restrains another person." V.T.C.A. Penal Code, § 20.02. Kidnapping is accomplished by abduction, which includes restraint, but false imprisonment is committed by restraint only. Thus, false imprisonment is a lesser included offense of kidnapping and aggravated kidnapping.

The next step of the analysis is to determine whether there was evidence that if guilty, appellant was guilty only of restraining the complainant, without intending to prevent her liberation by either secreting or holding her in a place where she was not likely to be found or using or threatening to use deadly force.[2] The Court of Appeals held appellant was required to rebut or negate both theories of abduction which could have occurred anytime during the ongoing offense. It noted that appellant argued he needed only to refute that he pointed the gun at the complainant in the truck and that he kept her at his house. It held that keeping the complainant isolated at the undeveloped subdivision constituted restraint in a place where she was not likely to be found. It determined that the only evidence which refuted this theory was appellant's testimony that the complainant freely chose to go with him and stayed in the truck of her own free will. However, it reasoned that because this evidence refuted both abduction and restraint, appellant failed to show if guilty, he was guilty of *only* the lesser included offense. *Schweinle*, 893 S.W.2d at 715.

■ The Court of Appeals' analysis is flawed in two respects. First, the Court of Appeals determined that the subdivision where appellant stopped his truck to throw more food on the complainant and beat her was a place where she was not likely to be found, without considering whether a rational jury could have reached the opposite conclusion under the evidence. In *Saunders v. State*, 840 S.W.2d 390 (Tex.Cr.App.1992), this Court held that a lesser included offense may be raised if evidence either affirmatively refutes or negates an element establishing the greater offense, or the evidence on the issue is subject to two different interpretations, and one of the interpretations negates or rebuts an element of the greater. In the instant case, the Court of Appeals did not refer to any facts in the record which demonstrated that the subdivision was or was not a place where the complainant was not likely to be found.

Appellant testified that the complainant's parents lived on Woodforest, which was a main thoroughfare, and the subdivision where appellant lived was off Woodforest, two to three minutes away from the complainant's parents' house. Appellant described the area where he stopped his truck as a few blocks from his house and in his neighborhood. He testified he turned right off of Woodforest going into his neighborhood, and "as we got around the corner there, I had to make another left to cut down to go to my house." He testified the area where he stopped was very small, "two or three streets there, it's all cleaned out." He further explained, "It's developed, there is just no houses there ... It's not really what I would call secluded." The complainant testified that the area was "not very far off Woodforest, but it's just a little—just a little bit secluded. There is like some trees and it's right by the school." Pictures of this area were admitted into evidence. From this evidence, a rational jury could have believed that the street where appellant stopped his truck was not a place where the complainant was not likely to be found.

■ Secondly, by holding that appellant did not raise the lesser included offense because his testimony refuted both the greater

---

2. The State submits that the lesser included offense was not raised because Appellant was charged with aggravated kidnapping, and he did not refute the aggravating element. Apparently, the State reasons that Appellant could not be guilty *only* of the lesser included offense since he did not rebut evidence that he intended to cause

bodily injury. However, intent to commit bodily injury, standing alone, is not an offense. If Appellant rebutted abduction, the gravamen of kidnapping and aggravated kidnapping, his failure to also rebut the aggravating element does not negate his guilt of only false imprisonment.

and lesser offenses, the Court of Appeals erred under *Bignall.* In that case, this Court held that the defendant was entitled to submission of the lesser included offense of theft based on defense testimony that no one had a gun, despite his evidence showing he was not guilty of any offense. This Court held that a rational jury could have believed that part of the State's evidence that Bignall was involved in the theft, and that part of Bignall's evidence that no one had a gun, and concluded that appellant was guilty only of theft. We pointed out that the defendant's denial of committing any offense does not automatically foreclose submission of a lesser included offense. *Bignall,* 887 S.W.2d at 24.

Applying those principles to this case, a rational jury could have believed the complainant's testimony that she did not go freely with appellant. Appellant testified that he did not threaten to shoot the complainant, did not touch the gun during the drive from her parents' house to his and did not point the gun at her at any time. He admitted that the gun was lying on the seat of his truck during the offense, but explained that he habitually carried the gun in his truck either on the seat next to him or on the floor next to the gearshift. He testified that when they reached his house, he retrieved the gun from the truck, took it inside as he always did, and placed it on his pinball machine where he often kept it. The complainant testified that she knew appellant kept a gun in his truck, and that it was not unusual for it to be lying on the seat. From this evidence, a rational jury could have found that despite the presence of a gun on the seat, appellant

did not use or threaten to use deadly force to prevent the complainant's liberation.[3]

■ Similarly, the jury could have believed that appellant held the complainant in his house against her will, but believed appellant's house was not a place where the complainant was not likely to be found. Evidence was presented that the complainant had a key to appellant's house, had formerly lived there, and had spent the night there the past three or four nights before the offense. In addition, the complainant's mother testified that when she came home on the night of the offense and found the house in disarray and her daughter missing, she became afraid for her daughter's safety and drove by appellant's house. From this evidence, a jury could have rationally concluded that the complainant was restrained at appellant's house, but his house was not a place where she was not likely to be found.[4] In sum, the jury could have found that appellant had restrained but not abducted the complainant, and thus was guilty only of false imprisonment. Therefore, the Court of Appeals erred by holding this lesser included offense was not raised by the evidence.

Accordingly, we reverse the judgment of the Court of Appeals and remand the cause to that court to conduct a harm analysis pursuant to Tex.Code Crim.Proc.Ann. art. 36.19. Appellant's grounds for review one, two and three are dismissed without prejudice.

McCormick, Presiding Judge, dissenting.

I dissent. The majority disagrees with the Court of Appeals' analysis on whether appel-

3. The State conceded in its brief below that Appellant's testimony negated this element of abduction.

4. The State argues that Appellant failed to negate this factor, citing *Wiley v. State,* 820 S.W.2d 401 (Tex.App.—Beaumont, 1991, no pet.), in which evidence that the victim was restrained in his car and forced to drive the defendant and his companions from place to place for several hours was held sufficient to prove this element. However, Appellant's complaint is not that the evidence was insufficient to prove this issue, but that the evidence allowed the jury to find to the contrary. Evidence from any source amounting to more than a scintilla is sufficient to raise a lesser included offense. *Bignall,* 887 S.W.2d at

23. Thus, a holding that evidence viewed in the light most favorable to the verdict would allow a rational fact finder to believe an element has been proven beyond a reasonable doubt is not inconsistent with a determination that a rational jury could also decide that the same or other evidence refutes the element. See, e.g., *Ross v. State,* 861 S.W.2d 870 (Tex.Cr.App.1992) (evidence was sufficient to prove defendant intentionally caused death during robbery, but lesser offense of felony murder was raised by defendant's confession which suggested he may not have intentionally caused death but only committed an act clearly dangerous to human life resulting in death during robbery).

lant was entitled to a jury instruction on false imprisonment. See *Schweinle v. State*, 893 S.W.2d 708, 714–15 (Tex.App.—Houston [1st Dist.] 1995). The issue in this case is whether there is some evidence in the record that would permit a jury rationally to find that appellant is guilty only of false imprisonment; or, in other words, whether there is some evidence in the record that would permit a jury rationally to find that appellant is guilty only of intentionally or knowingly restraining the victim, without her consent, so as to interfere substantially with her liberty, by moving her from one place to another or by confining her. See *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Cr.App.1994); V.T.C.A., Penal Code, Section 20.02; V.T.C.A., Penal Code, Section 20.01(1).

In support of its kidnapping theories, the State presented the victim's testimony from which the jury reasonably could have inferred that appellant's act of restraining the victim was accompanied by a *specific intent* to prevent the victim's liberation either by secreting the victim in a place where she was not likely to be found or by using or threatening to use deadly force. See, e.g., *Mason v. State*, 905 S.W.2d 570, 579 (Tex.Cr.App. 1995) (Clinton, J., dissenting) (to prove kidnapping, evidence need not show an actual secreting or use or threat of deadly force). The victim's testimony raised no fact issues on whether appellant was guilty only of false imprisonment. See, e.g., *Ramos v. State*, 865 S.W.2d 463, 465 (Tex.Cr.App.1993).

The victim's testimony establishes appellant's guilt only of kidnapping because it shows appellant's specific intent to prevent her liberation either by secreting her in a place where she was not likely to be found or by using or threatening to use deadly force. The victim's testimony neither "refutes or negates other evidence establishing the greater offense" nor is it subject to "different interpretations" with regard to "every theory of kidnapping." See *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Cr.App.1992); *Schweinle*, 893 S.W.2d at 715.

In addition, appellant testified and claimed he committed no offense. He testified the victim willingly went with him and he never threatened her with the gun. Appellant did not testify that he "intentionally or knowingly restrained the victim, without her consent, so as to interfere substantially with her liberty, by moving her from one place to another or by confining her." See Sections 20.02 & 20.01(1). Appellant's testimony raised no fact issues on whether he was guilty only of false imprisonment. See *Ramos*, 865 S.W.2d at 465.

The majority apparently finds the victim's and appellant's testimony either "refutes or negates other evidence establishing the greater offense" or is subject to "different interpretations." The majority reasons that a rational jury could believe from the victim's and appellant's testimony "that the street where appellant stopped his truck" and appellant's "house" were not places "where the complainant was not likely to be found" thereby negating appellant's specific intent to prevent the victim's liberation by secreting her in a place where she was not likely to be found. Assuming this is true, this evidence does not "refute or negate" appellant's specific intent to prevent the victim's liberation by using or threatening to use deadly force. See *Schweinle*, 893 S.W.2d at 715 (requiring evidence refuting "every theory of kidnapping").

However, the majority decides "a rational jury could have believed the complainant's testimony that she did not go freely with appellant without believing that Appellant threatened her with the gun." However, the victim's testimony was clear and positive that appellant threatened her with the gun. See *Schweinle*, 893 S.W.2d at 708 (victim testified appellant threatened her with the gun). The victim's testimony that appellant threatened her with the gun does not "refute or negate" appellant's specific intent to prevent her liberation by threatening to use deadly force nor is it subject to "different interpretations."

Under the majority's analysis, appellant would have been entitled to a jury instruction on false imprisonment *even had he not testified and denied threatening the victim with the gun*. However, simply because the jury could disbelieve part of the victim's testimony is not the same as "evidence which refutes or negates other evidence establishing the

greater offense" or evidence that is subject to "different interpretations." See *Saunders,* 840 S.W.2d at 391; see also *Bignall v. State,* 887 S.W.2d 21, 24 (Tex.Cr.App.1994) (a defendant is entitled to an instruction on a lesser included offense if evidence from any source "*affirmatively* raises the issue") (emphasis supplied). And, I do not believe this would be a close case had appellant not testified and denied threatening the victim with the gun.

This brings us to the crux of the rationale of the majority's holding. Does appellant's testimony denying threatening the victim with the gun entitle appellant to a jury instruction on false imprisonment? The majority relies on this testimony to conclude that a rational jury could decide appellant lacked the specific intent to prevent the complainant's liberation by threatening to use deadly force. However, the majority merely plucks this statement out of appellant's testimony and examines it in a vacuum without considering it in light of the State's or appellant's factual theories of the case. See *Ramos,* 865 S.W.2d at 465.

This Court has rejected this type of approach in determining whether a defendant is entitled to a jury instruction on a lesser included offense. See *id.; Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Cr.App.1986) (a statement made by a defendant "cannot be plucked out of the record and examined in a vacuum" in a lesser included offense analysis); see also *Bignall,* 887 S.W.2d at 25 (McCormick, P.J., dissenting). Viewed in the context of the entire record and appellant's factual theory at trial that he was guilty of no offense, I would hold appellant's statement that he did not threaten the victim with the gun failed to raise a fact issue on whether he was guilty only of false imprisonment. See *Ramos,* 865 S.W.2d at 465. On this record, appellant was guilty of either aggravated kidnapping or no offense at all, and no jury rationally could have concluded appellant was guilty only of false imprisonment.

Because the majority's holding that appellant was entitled to a jury instruction on false imprisonment depends solely upon plucking a statement out of appellant's testimony and examining it in a vacuum, I dissent. See

*Ramos,* 865 S.W.2d at 465; *Godsey,* 719 S.W.2d at 584.

MANSFIELD, J., joins this dissent