TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00169-CR






John Paul King, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0964311, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






 A jury found appellant John Paul King guilty of attempted sexual assault and aggravated
kidnapping. See Tex. Penal Code Ann. §§ 20.04(a)(4), 22.01 (West 1994 & Supp. 1998). (1) The jury
assessed punishment at (1) five years of imprisonment and a $1,500 fine for the offense of aggravated
kidnapping and (2) ten years of imprisonment, probated, for the offense of attempted sexual assault. The
court rendered judgments of conviction in accordance with the verdict except the court failed to assess the
$1,500 fine in the judgment. (2) King appeals in three points of error. We will affirm the judgments of
conviction.

BACKGROUND

 On October 31, 1995, the victim, a woman named Tammy, was celebrating Halloween
with friends on Sixth Street in Austin. She became extremely intoxicated, and an employee of the bar she
was in asked her to leave. She was unable to walk well so her friend, Vince, picked her up and carried
her outside. He left her sitting by a doorway in a semi-conscious state while he went to get his car. 

 While Vince was gone and while Tammy was slumped in the doorway, King approached
her. He picked her up and put her over his shoulder. Tammy thought King was Vince. King carried
Tammy down a side street to an alley. He put Tammy down on her back on a loading dock that was
partially covered by an awning. Unbeknownst to Tammy or King, several Austin police officers saw King
carrying Tammy down the street and entering the alley. The officers, including Officers Ford and Martinez,
drove around the corner and entered the alley from the opposite direction. They watched King as he knelt
beside Tammy. According to Officer Ford, King touched Tammy's thigh and attempted to kiss her. When
she sat up, King put his hand on her shoulder and pushed her back down. Tammy then yelled "who are
you" and told King to get away from her. At that point, Ford became suspicious.

 Ford called King over to ascertain the relationship between King and Tammy. While Ford
was conversing with King, King had a bulge in his pants, which Ford assumed was an erection. King
claimed to know Tammy, but was unable to tell Ford her name. King indicated he was trying to get her
home. He also said "Vince" was supposed to pick them up. He did not, however, respond when Officer
Martinez asked him Vince's last name. 

 While Martinez talked to King, Ford asked Tammy what had happened. Tammy, who was
crying, told Ford she did not know King and that she "just woke up and he was touching her." Ford
noticed the crotch on Tammy's Halloween costume was ripped. He then decided to arrest King and
handcuffed him. 

 King was charged with, tried for, and convicted of attempted sexual assault and aggravated
kidnapping. He appeals in three points of error, alleging: (1) the trial court erred in admitting the statements
he made in the alley because they were obtained in violation of article 38.22 of the Texas Code of Criminal
Procedure; (2) the evidence is insufficient to prove the abduction element of aggravated kidnapping; and
(3) the prosecutor misstated the law pertaining to that element during closing argument.


DISCUSSION

 In point of error one, King asserts the statements he made in the alley were inadmissible
because they were obtained in violation of Texas Code of Criminal Procedure article 38.22. See Tex.
Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp. 1998). Section 3 of article 38.22 prohibits admission
of oral statements made by a defendant as a result of custodial interrogation unless certain conditions are
met. Id. Those conditions were not met in this case. We must decide whether the statements were made
as a result of custodial interrogation. 

 Whether a defendant is in custody is a determination based entirely upon objective
circumstances. Stevenson v. State, No. 1348-95, slip op. at 9 (Tex. Crim. App. Dec. 10, 1997) (citing
Dowthitt v. State, 931 S.W.2d 244 (Tex. Crim. App. 1996)). The court of criminal appeals has set forth
four factors that are generally useful in making the determination. They are: (1) whether probable cause
to arrest existed; (2) whether the defendant is the focus of the investigation; (3) the subjective intent of the
police insofar as it is communicated to the defendant; and (4) the subjective belief of the defendant insofar
as it is communicated to the police. Id. 

 We conclude the trial court could reasonably have concluded King was not in custody
when he made the statements he claims are inadmissible. First, Officer Ford testified he initially did not
know whether King was doing anything criminal because he did not know the relationship between King
and Tammy. For that reason, Ford wanted to question both Tammy and King. Although the events Ford
witnessed before the questioning were suspicious, they alone did not give Ford probable cause to arrest
King. Second, although King was a focus of the investigation, he was not the only focus. Officer Ford
questioned Tammy as well, in order to determine whether any criminal activity had been afoot. Third,
Officer Ford testified that King was not free to leave during the questioning, but he also testified that King
was not required to answer his questions. Nothing in the record suggests Ford intended to arrest King
when he was questioning King, or that such an intent was communicated to King. Finally, nothing suggests
King thought he was in custody when he was answering Ford's questions or that King communicated such
a belief to Ford. We, therefore, hold the statements were not obtained in violation of article 38.22, and
we overrule point of error one.

 In his second point of error, King argues the evidence is insufficient to establish the
"abduction" element of aggravated kidnapping. See Tex. Penal Code Ann. §§ 20.01(2), 20.04(a)(4)
(West 1994 & Supp. 1998). King does not clarify whether he challenges the legal or factual sufficiency
of the evidence supporting this element of the crime. In the interest of justice, we will evaluate the evidence
under both standards. When reviewing the legal sufficiency of the evidence, we view it in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the element
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d
155, 159 (Tex. Crim. App. 1981). When reviewing the factual sufficiency of the evidence, we view all the
evidence without that prism and set aside the verdict only if it is so against the weight of the evidence as to
be clearly unjust. Cain v. State, No. 1525-96, slip op. at 5-8 (Tex. Crim. App. Dec. 18, 1997) (citing
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). 

 To abduct is to restrain a person with intent to prevent their liberation by either secreting
or holding the person in a place they are not likely to be found or by using or threatening to use deadly
force. Tex. Penal Code Ann. § 20.01(2) (West 1994). The parties disagree over whether hiding a person
where they are unlikely to be found is an element of the required culpable mental state or the required
criminal act. The State argues the former and King argues the latter. 

 The most recent court of criminal appeals cases on this subject lead us to agree with the
State. In Brimage, the seminal case on this issue, Judge Clinton and two other judges opined that the State
must prove the following to establish a kidnapping: 

(1) a restraint made (2) with a specific intent to prevent liberation by either of two
particular means. Thus, secretion and the use or threatened use of deadly force are merely
two alternative components of the specific intent element. It is therefore not necessary, as
appellant argues, that the State prove a restraint accomplished by either secretion or
deadly force. Instead, the State must prove that a restraint was completed and that the
actor evidenced a specific intent to prevent liberation by either secretion or deadly force.


Brimage v. State, 918 S.W.2d 466 (Tex. Crim. App. 1996) (opinion on original submission issued Sept.
21, 1994) (lead opinion by Clinton, J.). Judge Miller and two others disagreed on this issue. Id. at 484-492 (Miller, J., concurring and dissenting). The four remaining judges agreed with Judge Clinton's
resolution of the point of error concerning the abduction element of kidnapping, id. at 494 (Baird, J.,
dissenting), but disagreed with his opinion on another issue not relevant here. Although the four-judge
dissent does not expressly agree with Judge Clinton's reasoning on the kidnapping issue, it does not
disagree with it either. Furthermore, one of the four dissenting judges was Presiding Judge McCormick,
who later authored the majority opinion in Mason v. State. See 905 S.W.2d 570, 575 (Tex. Crim. App.
1995) (citing Brimage v. State, 918 S.W.2d 466 (Tex. Crim. App. 1996) (opinion on original submission
issued Sept. 21, 1994)). Mason cites Judge Clinton's discussion in Brimage of the abduction element of
kidnapping and confirms that Judge Clinton's interpretation of the abduction requirement is controlling law. 
See Mason, 905 S.W.2d at 575. (3) Thus, we conclude the secretion requirement of abduction is part of the
mens rea of kidnapping, not the actus reus. Id.

 King argues another recent court of criminal appeals opinion suggests the court has
abandoned its prior interpretation of the abduction element of kidnapping. See Schweinle v. State, 915
S.W.2d 17 (Tex. Crim. App. 1996). In Schweinle, the court's discussion appears to focus on the
defendant's act, rather than his intent. The issue in Schweinle, however, was whether the evidence entitled
the defendant to an instruction on the lesser included offense of false imprisonment. The issue of whether
"secretion" is an element of intent or a required act was not squarely before the court. Until the court of
criminal appeals expressly disavows its prior interpretation of the abduction element of kidnapping in
Mason and Brimage, we are bound to apply it. 

 Based on that interpretation of the law, we must determine whether the evidence is factually
and legally sufficient to prove that King intended to take Tammy to a place she was unlikely to be found,
not that he actually accomplished his purpose. The evidence does support that conclusion. King, a total
stranger to Tammy, physically picked her up and took her from a highly visible area to a less conspicuous
alley. The alley was not well lit. King did this around 2:00 or 3:00 o'clock in the morning, a time when the
alley was not well-traveled. Furthermore, he did this on Halloween, a night on which people were not as
apt to question his unusual behavior. From this the jury could infer his intent to hide Tammy in a place she
was unlikely to be found. We hold that the evidence is both legally and factually sufficient to satisfy the
abduction element of aggravated kidnapping. Accordingly, we overrule point of error two.

 In his last point of error, King argues the trial court erred in overruling his objection to the
prosecutor's allegedly improper statement of the law. During closing argument, the prosecutor discussed
the "abduction" element of aggravated kidnapping. The prosecutor explained that the law required the
State to prove only that King intended to take Tammy to a place she was not likely to be found, and that
the law did not require the State to prove he actually took her to such a place. Based on our discussion
concerning point of error two, we conclude the prosecutor's characterization of the law was proper. We
overrule point of error three.


CONCLUSION

 We have overruled King's three points of error. Accordingly, we affirm the judgments of
conviction for aggravated kidnapping and attempted sexual assault.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 23, 1998

Publish
1. The law applicable to this case is that in effect at the time the offense occurred. Subsequent
amendments to these statutes are not relevant to the issues in this case. We cite to the current code for
convenience.
2. The State does not complain that the court failed to assess the fine. Because the State waived any
error with regard to this issue, we will not modify the judgment to conform to the jury's assessment of
punishment.
3. Ironically, Judge Clinton dissented in Mason. See Mason, 905 S.W.2d at 578-81. He did not
disagree with the majority's formulation of the abduction element of kidnapping; he disagreed with their
analysis of the evidence. See id. at 579. He also noted that Brimage was pending on rehearing at that
time. See id. at 578. The court eventually issued additional opinions on rehearing in Brimage, but did not
disturb the original discussion of the abduction element of kidnapping.



. Although the four-judge
dissent does not expressly agree with Judge Clinton's reasoning on the kidnapping issue, it does not
disagree with it either. Furthermore, one of the four dissenting judges was Presiding Judge McCormick,
who later authored the majority opinion in Mason v. State. See 905 S.W.2d 570, 575 (Tex. Crim. App.
1995) (citing Brimage v. State, 918 S.W.2d 466 (Tex. Crim. App. 1996) (opinion on original submission
issued Sept. 21, 1994)). Mason cites Judge Clinton's discussion in Brimage of the abduction element of
kidnapping and confirms that Judge Clinton's interpretation of the abduction requirement is controlling law. 
See Mason, 905 S.W.2d at 575. (3) Thus, we conclude the secretion requirement of abduction is part of the
mens rea of kidnapping, not the actus reus. Id.

 King argues another recent court of criminal appeals opinion suggests the court has
abandoned its prior interpretation of the abduction element of kidnapping. See Schweinle v. State, 915
S.W.2d 17 (Tex. Crim. App. 1996). In Schweinle, the court's discussion appears to focus on the
defendant's act, rather than his intent. The issue in Schweinle, however, was whether the evidence entitled
the defendant to an instruction on the lesser included offense of false imprisonment. The issue of whether
"secretion" is an element of intent or a required act was not squarely before the court. Until the court of
criminal appeals expressly disavows its prior interpretation of the abduction element of kidnapping in
Mason and Brimage, we are bound to apply it. 

 Based on that interpretation of the law, we must determine whether the evidence is factually
and legally sufficient to prove that King intended to take Tammy to a place she was unlikely to be found,
not that he actually accomplished his purpose. The evidence does support that conclusion. King, a total
stranger to Tammy, physically picked her up and took her from a highly visible area to a less conspicuous
alley. The alley was not well lit. King did this around 2:00 or 3:00 o'clock in the morning, a time when the
alley was not well-traveled. Furthermore, he did this on Halloween, a night on which people were not as
apt to question his unusual behavior. From this the jury could infer his intent to hide Tammy in a place she
was unlikely to be found. We hold that the evidence is both legally and factually sufficient to satisfy the
abduction element of aggravated kidnapping. Accordingly, we overrule point of error two.

 In his last point of error, King argues the trial court erred in overruling his objection to the
prosecutor's allegedly improper statement of the law. During closing argument, the prosecutor discussed
the "abduction" element of aggravated kidnapping. The prosecutor explained that the law required the
State to prove only that King intended to take Tammy to a place she was not likely to be found, and that
the law did not require the State to prove he actually took her to such a place. Based on our discussion
concerning point of error two, we conclude the prosecutor's characterization of the law was proper. We
overrule point of error three.


CONCLUSION

 We have overruled King's three points of error. Accordingly, we affirm the judgments of
conviction for aggravated kidnapping and attempted sexual assault.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 23, 1998

Publish
1. The law applicable to this case is that in effect at the time the offense occurred. Subsequent
amendments to these statutes are not relevant to the issues in this case. We cite to the current code for
convenience.
2. The State does not complain that the court failed to assess the fine. Because the State waived any
error with regard to this issue, we will not modify the judgment to conform to the jury's assessment of
punishment.
3. Ironically, Judge Clinton dissented in Mason. See Mason, 905 S.W.2d at 578-81. He did not
disagree with the majority's formulation of the abduction element of kidnapping;