Affirmed and Opinion filed November 14, 2002













Affirmed and
Opinion filed November 14, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-01-01139-CR

_______________

 

SHAWN ALLEN
DEAN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

________________________________________________________

 

On Appeal from the 344th District Court

Chambers County, Texas

Trial Court Cause No. 11242

________________________________________________________

 

O P I N I O
N

            Shawn Allen Dean appeals a
conviction for aggravated assault on a peace officer on the ground that the
trial court erred in refusing his request for a lesser included offense
instruction on deadly conduct in the jury charge.  We affirm.

            A defendant is entitled to an
instruction on a lesser included offense if: (1) the offense for which an
instruction was requested is a lesser included offense of the charged offense;[1] and
(2) there is some evidence in the record that would permit a rational jury to
find that the defendant is guilty only of the lesser offense.  Feldman
v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).  As
to the second prong, anything more than a scintilla of evidence is sufficient
to entitle a defendant to a lesser included offense charge.  Ferrel v. State,
55 S.W.3d 586, 589 (Tex. Crim. App. 2001). 
The second condition is satisfied if there is evidence from any source
that negates or refutes the element establishing the greater offense, or the
evidence of the charged offense is subject to different interpretations, one of
which negates or rebuts a differing element of the charged offense.  See Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). 
However, it is not enough that the jury may disbelieve crucial evidence
pertaining to the greater offense.  Solomon v. State, 49 S.W.3d 356, 369 (Tex. Crim. App. 2001).

            In this case, appellant was
convicted of aggravated assault for threatening a police officer with injury by
intentionally or knowingly driving his vehicle in the officer’s direction.
Appellant’s brief acknowledges the testimony of various witnesses that
appellant swerved his vehicle at the officer deliberately.  However, to satisfy the requirement that there
be some evidence in the record that would permit a rational jury to find that
he is guilty only of the lesser offense of deadly conduct, appellant’s brief
merely argues that the jury could have reasonably concluded that his conduct
was reckless rather than knowing or intentional.  Yet, his brief cites no testimony or other
evidence from which any such inference could be drawn.  Because appellant’s sole issue thereby fails
to demonstrate that appellant was entitled to a lesser included offense
instruction, that issue is overruled, and the judgment of the trial court is
affirmed.

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

Judgment
rendered and Opinion filed November
 14, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.3(b).











[1]           See Tex. Code Crim.
Proc. Ann. art. 37.09(1) (Vernon 1981) (defining lesser included offense
as an offense that is established by proof of the same or less than all the
facts required to establish the commission of the offense charged).