Affirmed and Opinion filed December 14, 2004









Affirmed and Opinion filed December 14, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00091-CR

____________

 

MARVIN CHACON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 951,145

 



 

O P I N I O N

Appellant, Marvin Chacon, appeals from his
conviction for aggravated robbery.  A
jury found him guilty and assessed punishment at five year’s imprisonment.  On appeal, appellant contends that (1) the
evidence was legally and factually insufficient to support the verdict, (2) the
trial court erred in refusing to declare a mistrial after a witness for the State
repeatedly referred to appellant’s prior criminal record, and (3) the court
erred in omitting a lesser-included offense from the jury charge.  We affirm.

 

 








Background

Oscar Figueroa testified that in the early
morning hours of March 1, 2003, he was walking home from a restaurant when
appellant and his codefendant, Elmer Noe Pineda, offered him a ride home.  Figueroa recognized them from having played
in pickup soccer games with them.  He
accepted the ride and got in the backseat, while appellant drove and Pineda sat
in the front passenger seat.  Figueroa
said that once he was in the car, he regretted accepting the ride, became
frightened, and did not tell them how to get to his apartment.  As they drove, appellant asked Pineda, “Where
are we going?” and Pineda responded, “Shut up. 
Don’t say nothing.  Only do what I
tell you to do.”

Appellant drove about two blocks to a dark
area behind a business and parked. 
Pineda exited the vehicle and told Figueroa to get out.  Although Figueroa at first ignored him, when
Pineda pulled out a pistol, Figueroa complied. 
Pineda told Figueroa to place his hands on the roof of the car and then
began searching him.  When Pineda found
Figueroa’s wallet, Figueroa tried to protect the wallet and asked “What are you
going to do?”  Pineda hit him three times
with the pistol.  Appellant was standing
beside Pineda while Pineda was searching and hitting Figueroa.  Figueroa testified that appellant and Pineda
then took his belt, wallet, and keys.  He
asked them to return his wallet, but they did not.  The assailants then got back in the vehicle
and drove off.  Figueroa went to his
apartment and called the police.

Figueroa verified appellant’s and Pineda’s
names with other people who played soccer with them.  He gave the names to police officers and
subsequently identified both men in photo arrays.

Sufficiency of the Evidence








In his second issue, appellant contends
that the evidence was legally and factually insufficient to sustain his
conviction.  Because appellant makes the
same arguments under both contentions, we shall discuss them together.  We use the normal standards of review for
assessing the legal and factual sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (legal sufficiency standards); Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency standards).  The charge authorized the jury to find
appellant guilty of aggravated robbery either as a principle or as a
party.  See Tex. Pen. Code Ann. §§ 7.02(a)(2),
29.03(a) (Vernon 2003).

Appellant first points out that Figueroa
admitted to having consumed “five to six beers” within an hour to an hour and a
half of the incident and that he was “a bit confused” at the time and never
gave directions to the two men who had offered him a ride.  Appellant asserts that because the
prosecution hinged entirely on Figueroa’s testimony, his altered state on the
night in question rendered the evidence insufficient to sustain the
conviction.  Although the jury could
certainly have considered Figueroa’s statements regarding his mental acuity
that night, we find that the admissions were not so strong as to make his
testimony unreliable as a matter of law. 
It is within the jury’s providence to assess the weight and credibility
of this testimony.  Cain v. State,
958 S.W.2d 404, 409 (Tex. Crim. App. 1997) (holding it was up to the jury to
determine credibility assigned to testimony of victim who was intoxicated at
the time of the incident and had trouble remembering the incident).

Appellant next points out that his wife
and a family friend both testified that he was at home on the night in question
and that he typically drives a different vehicle than the one Figueroa
described.  It was up to the jury to
assess the weight and credibility to be assigned to this testimony.   See Margraves v. State, 34 S.W.3d
912, 919 (Tex. Crim. App. 2000).  Further,
the suggestion that appellant usually drives a different vehicle does little to
impeach Figueroa’s testimony that appellant was the driver on the night in
question.  We will not overturn a
conviction on sufficiency grounds based on this testimony from interested
witnesses. 








Lastly, appellant argues that it was clear
that “the driver of the car” did not realize the passenger was planning to rob
Figueroa, that the passenger acted independently, and that mere presence at the
scene of a crime is not sufficient by itself to support a conviction, citing Valdez
v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981).  These arguments do not comport with the
evidence.  Figueroa clearly testified
that appellant was the driver of the vehicle on the night in question, that
appellant watched Pineda beat him, and that appellant and Pineda took his keys,
wallet, and belt.  There is no evidence
that appellant was merely an innocent bystander.  Appellant has not established that the
evidence was legally or factually insufficient to support the verdict.  Accordingly, his second issue is overruled.

Mistrial

In his first issue, appellant contends
that the trial court erred in refusing to declare a  mistrial after a witness for the State
repeatedly referred to appellant’s prior criminal history.  We review the refusal to declare a mistrial
under an abuse of discretion standard.  Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).

Before trial, the court granted a motion
in limine aimed at preventing the State or the State’s witnesses from
commenting on how appellant’s photograph was obtained for the photo array.  The concern expressed by defense counsel in
making the motion was that the photograph had been obtained from a criminal
database or that it was a booking photo.








During direct examination, Officer Richard
Rodriguez of the Houston Police Department testified that in the course of his
investigation, he learned “from the streets” that the suspects had been
arrested, and he said that he had spent hours searching the HPD database.  Although there was no objection, the trial
judge stopped the proceedings, excused the jury, and explained that she had
earlier instructed Rodriguez to not go into the particulars of his
investigation unless it was brought out by defense counsel in
cross-examination.  Defense counsel then
moved for a mistrial, but the court denied the motion.  Defense counsel made a motion to strike,
which was also denied.  The judge
admonished Rodriguez, and when the jury returned, the judge instructed them to
disregard the last two questions and answers. 
However, when his testimony resumed, Rodriguez testified that he had
obtained photographs of the suspects from the Harris County Sheriff’s
Department and the HPD photo lab.  The
judge again halted the proceedings, excused the jury, and admonished
Rodriguez.  Defense counsel made a motion
for mistrial, but before the court ruled on that motion, counsel made a motion
to strike all of Rodriguez’s testimony. 
The judge granted the motion to strike, stating: “You just want them to
start all over?  That’s fine.  Granted.” 
The court then struck Rodriguez’s testimony and instructed the jury to
disregard everything that had been said by him up to that point.  On appeal, appellant contends that the trial
court erred in refusing to grant a mistrial in light of Rodriguez’s repeated
references to appellant’s criminal history.

We begin by noting that appellant failed
to preserve any error regarding his second motion for mistrial by obtaining a
ruling or objecting to the trial court’s failure to rule.  See Tex.
R. App. P. 33.1 (a)(2).[1]  Indeed, it appears that the trial court
interpreted the motion to strike as being made in place of the motion for
mistrial.

Furthermore, an instruction to disregard
testimony in violation of a motion in limine generally cures any error related
to that testimony except under the most extreme circumstances.  Herrero v. State, 124 S.W.3d 827, 836
(Tex. App.—Houston [14th Dist.] 2003, no pet.).[2]  This is true even when the testimony relates
to extraneous offenses.  Id.
(citing Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App.
2000)).  Here, Rodriguez mentioned that
he had heard that the suspects had been arrested, that he had spent hours
searching for the suspects on the HPD database, and that he had obtained their
photographs from the photo lab.  This
testimony did not reveal whether appellant had ever been charged with or
convicted of any crime, nor did it reveal the nature of any accusations against
him.  We do not find these circumstances
so extreme as to require reversal in light of the instructions to disregard and
the striking of the testimony altogether. 
Id.  Accordingly, the trial
court did not abuse its discretion in refusing to declare a mistrial.  Appellant’s first issue is overruled.

 

 








Lesser Included Offense

In his third issue, appellant contends
that the trial court erred in omitting a lesser-included offense from the jury
charge, namely robbery.  A criminal
defendant is entitled to have the jury charged on an additional offense if (1)
the offense in question constitutes a lesser-included offense, and (2) there is
some evidence that the defendant, if guilty of an offense, was guilty only of
the lesser-included offense.  Schweinle
v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996).  The parties agree that robbery is a
lesser-included offense of aggravated robbery; thus, the first prong is
established.  See Tex. Pen. Code Ann. §§ 29.02(a),
29.03(a).

Regarding the second prong, before a
charge on a lesser-included offense becomes mandatory, the evidence must
establish the offense as a valid, rational alternative to the charged
offense.  Wesbrook v. State, 29
S.W.3d 103, 113 (Tex. Crim. App. 2000). 
This means that “there must be some evidence from which a rational jury
could acquit the defendant of the greater offense while convicting him of the
lesser-included offense.”  Feldman v.
State, 71 S.W.3d 738, 750-51 (Tex. Crim. App. 2002).  Robbery and aggravated robbery contain the
exact same elements, except that aggravated robbery further requires proof that
the defendant (1) caused serious bodily injury to another person, (2) used or
exhibited a deadly weapon, or (3) caused bodily injury to another person or
threatened or placed another person in fear of imminent bodily injury or death, if the other person was
65 years old or older or disabled.  Tex. Pen. Code Ann. §§ 29.02(a), 29.03(a).  Here, there was no evidence that Figueroa
suffered serious bodily injury or that he was 65 years of age or older or
disabled.  However, Figueroa testified
repeatedly that Pineda used and exhibited a firearm during the robbery.  A firearm is a “deadly weapon,” per se.  Tex.
Pen. Code Ann. § 1.07(a)(17)(A) (Vernon Supp. 2004).  Thus, in order to establish that the court
erred in refusing to charge the jury on robbery, appellant must show that there
was some evidence on which the jury could have concluded that robbery occurred
without the use or exhibition of a firearm.








Appellant first contends that the evidence
shows that the driver did not know the passenger was planning to commit a
robbery and the driver did not threaten Figueroa prior to the incident.  Even assuming appellant is correct, because
the elements of aggravated robbery do not require premeditation or threats
prior to the robbery, neither of these alleged facts is evidence of a
distinguishing factor between robbery and aggravated robbery.  See id. §§ 29.02(a), 29.03(a). 

Appellant next argues that the evidence
shows that the driver did not get out of the car until after the passenger had
ordered Figueroa out, pulled a pistol, and beat Figueroa.  To the contrary, Figueroa clearly testified
that appellant was standing beside Pineda when Pineda searched Figueroa and
beat him with the pistol.

Lastly, appellant asserts that a question
sent out by the jury demonstrates that the jury did not believe appellant had
used a deadly weapon or had known that one would be used by Pineda.  During deliberations, the jury asked: “Is
pre-existing [sic] knowledge of the existence of a deadly weapon a necessary
requirement of finding [appellant] guilty of aggrevated [sic]
robbery?”  The judge properly answered by
instructing the jury to “[r]efer to the written instructions.”  However, as discussed above, the answer to
the jury’s question is no:  appellant did
not have to have preexisting knowledge of a weapon in order to be found guilty
of aggravated robbery.  See Tex. Pen. Code Ann. §§ 29.02(a),
29.03(a).  The fact that the jury asked
about a nonissue—a nonexistent distinction between robbery and aggravated
robbery—does not mean that the trial court should have instructed the jury on
the lesser-included offense.  Further,
the fact that appellant apparently did not personally use or exhibit a weapon
does not absolve him of aggravated robbery because the jury was charged on the
law of parties.  See Tex. Pen. Code Ann. § 7.02(a)(2).

Appellant has failed to demonstrate that
there was any evidence on which a rational jury could have acquitted him of
aggravated robbery while convicting him of robbery.  See Feldman, 71 S.W.3d at 750-51.  Accordingly, appellant’s third issue is
overruled.

 








The trial court’s judgment is affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed December 14, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).











[1]  We take no
position on whether Rodriguez’s statements impermissibly referred to
appellant’s criminal history.





[2]  A trial court
is required to grant a mistrial only when the improper question and answer are
so clearly prejudicial to the defendant and of such a character as to suggest
the impossibility of withdrawing the impression produced in the minds of the
jurors.  Simpson v. State, 119
S.W.3d 262, 272 (Tex. Crim. App. 2003).