Affirmed and Opinion filed March 30, 2006









Affirmed
and Opinion filed March 30, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00523-CR

____________

 

ROBERT DANIEL HALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 47,510

 



 

O P I N I O N

Appellant entered a plea of not guilty to
the offense of murder.  He was convicted,
and the jury assessed punishment at sixty years= confinement in
the Texas Department of Criminal JusticeCInstitutional
Division and a fine of $10,000.  In two
issues, appellant contends that the trial court erred in failing to instruct
the jury on (1) the law of self-defense and defense of a third person, and (2)
the lesser-included offense of manslaughter. 
We affirm.

Background








In the early morning hours of June 12,
2004, appellant and Leonard Knight went to the Ocean Blue bar.  After they had been in the bar approximately
one hour, Christopher Cordova, the complainant, began making hand gestures
toward appellant and Knight.  Appellant
described the gestures as gang signs. 
When the bar closed, appellant and Knight left the bar and walked toward
appellant=s apartment.  The complainant and his uncle followed in the
uncle=s truck.  When the truck stopped for a traffic light,
the complainant got out of the truck and walked toward appellant and
Knight.  The complainant followed
appellant and Knight to appellant=s apartment door,
which was locked.  Appellant knocked on
the door until his sister unlocked it. 
When his sister unlocked the door, appellant went into the apartment,
retrieved his gun, came out of the apartment, and fired at the complainant four
to five times.  The complainant started
to run away after the first shot, but died from a gunshot wound to the chest.

Self-Defense

In his first issue, appellant contends
that the trial court erred in overruling his request for a jury charge
instruction on self-defense and defense of a third person.  Appellant contends he shot the complainant
because he was afraid for his life and for the lives of his family.  

A person is justified in using force
against another when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other=s use or attempted
use of unlawful force.  Tex. Pen. Code Ann. ' 9.31(a).  Deadly force, however, is justified only when
a reasonable person in the actor=s situation would
not have retreated and when it is necessary to protect the actor or another
from deadly force.  Id. ' 9.32(a)(2); see
also Hughes v. State, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986).  Before an instruction on self-defense or
defense of others is warranted, the defendant has the burden of coming forward
with evidence that sufficiently raises the issue.  Riddle v. State, 888 S.W.2d 1, 6 (Tex.
Crim. App. 1994).  If he meets that
burden, the defendant is entitled to the instruction regardless of whether the
evidence is weak or strong, unimpeached or contradicted, and regardless of what
the trial court may or may not think about the credibility of the defense.  Hamel v. State, 916 S.W.2d 491, 493
(Tex. Crim. App. 1996).








The evidence in this case does not
sufficiently raise the issue of self-defense or defense of a third person.  The evidence shows that the complainant Athrew gang signs@ in the bar and
followed appellant and Knight to appellant=s apartment.  Appellant gave a statement to police in which
he stated he did not see the complainant with a weapon and that the complainant
had taken off his shirt.  Appellant stated,
however, that he was afraid the complainant had a weapon because as the complainant
took off his shirt, he appeared to be Agrabbing for
something.@ 
Appellant gave no explanation for why he did not retreat to his
apartment and stay in the apartment after his sister opened the door.  Assuming appellant reasonably believed that
the unarmed complainant was reaching for a weapon, a reasonable person in
appellant=s situation would have retreated into the
apartment.  The evidence fails to raise
the issue of self-defense or defense of a third person by deadly force.  See Tex.
Penal Code Ann. ' 9.32(2). 
The trial court correctly overruled appellant=s request for a
charge on self-defense and defense of a third person.  Appellant=s first issue is
overruled.

Lesser-included
Offense

In his second issue, appellant contends
that the trial court erred in failing to include an instruction in the jury
charge on the lesser-included offense of manslaughter.  A criminal defendant is entitled to an
instruction on a lesser-included offense if (1) the offense in question
constitutes a lesser‑included offense, and (2) there is some evidence
that the defendant, if guilty of an offense, was guilty only of the lesser‑included
offense.  Schweinle v. State, 915
S.W.2d 17, 18 (Tex. Crim. App. 1996). 
Manslaughter is a lesser-included offense of murder.  Mathis v. State, 67 S.W.3d 918, 925
(Tex. Crim. App. 2002).  Therefore, the
first prong of the test is established.








Regarding the second prong, before the
trial court is required to give a charge on a lesser‑included offense,
the evidence must establish the offense as a valid, rational alternative to the
charged offense.  Wesbrook v. State,
29 S.W.3d 103, 113 (Tex. Crim. App. 2000). 
There must be some evidence from which a rational jury could acquit the
defendant of the greater offense while convicting him of the lesser‑included
offense.  Feldman v. State, 71
S.W.3d 738, 750B51 (Tex. Crim. App. 2002).  A charge on manslaughter is appropriate when
there is some evidence that the accused acted recklessly in causing the death
of another.  Adanandus v. State,
866 S.W.2d 210, 232 (Tex. Crim. App. 1993). 
A person acts recklessly when he is aware of, but consciously
disregards, a substantial and unjustifiable risk that the circumstances exist
or the result will occur.  Tex. Pen. Code Ann. ' 6.03(c).  

Appellant contends that he was entitled to
an instruction on manslaughter because there is evidence that he was not the
aggressor and he did not intend to kill the complainant.  Appellant contends he acted in fear, not with
an intent to kill.  To raise the issue of
manslaughter, there must be evidence of a lack of intent to kill and evidence
that the accused acted recklessly while ignoring a known risk.  Munoz v. State, 932 S.W.2d 242, 245
(Tex. App.CTexarkana 1996, no pet.).  An accused=s denial that he
intended to kill the victim does not, of itself, raise the issue of
manslaughter.  Id.  Conduct is not rendered involuntary simply
because the accused did not intend the result of his conduct.  Burnett v. State, 865 S.W.2d 223, 230
(Tex. App.CSan Antonio 1993, pet. ref=d).  The evidence clearly established that
appellant intended to shoot the complainant with the gun.  The evidence as a whole does not support a
rational inference that appellant was consciously disregarding the risk of
death that his conduct created.  From
this record, we find that the evidence does not support appellant=s guilt for only
the lesser-included offense of manslaughter. 
Therefore, the trial court did not err in refusing the requested
instruction.  Appellant=s second issue is
overruled.

The judgment of the trial court is
affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed March 30, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).