MEMORANDUM OPINION




No. 04-02-00885-CR



Antonio FLORES,


Appellant



v.



The STATE of Texas,


Appellee



From the 379th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-1740


Honorable Bert Richardson, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: January 14, 2004


AFFIRMED

 Antonio Flores ("Flores") appeals his conviction of aggravated assault with a deadly weapon,
contending that: (1) he was denied effective assistance of counsel; (2) the trial court erred in refusing
to submit two lesser-included offenses in the jury charge; and (3) the evidence is legally and factually
insufficient to support his conviction. We affirm the trial court's judgment.


Background Facts


 Priscilla Martinez was waiting for a cousin to pick her up from her friend Valerie's house.
Priscilla decided to leave when Valerie's aunt, Crystal, told her that she was going to go out with four
guys, and Priscilla did not want to go. As Priscilla was waiting outside, a Blazer pulled up. Flores,
who was seated in the front passenger seat, began cursing at Priscilla which made her nervous. The
driver then called Priscilla to his side of the car. When Priscilla went around to the driver's side, the
driver's door was open, and Priscilla was told to get into the car. Flores continued to curse at her
and tell her to get into the car. At that point, Priscilla saw Flores pointing a silver gun at her.
Priscilla was then pulled into the front seat of the Blazer, and Flores started hitting her with the gun
on the right side of her face. Priscilla remembered Valerie pulling her out of the car. Priscilla stated
that she was dizzy and "like in and out." Priscilla had blood all over and started throwing up blood.
Valerie stopped a police officer who called an ambulance to take Priscilla to the hospital. Priscilla
showed the jury where she was injured and stated that she has double vision in her right eye.

 On cross-examination, Priscilla stated that she had used marijuana that night and that she
previously had met Leonard Renardo, the driver of the Blazer. Priscilla started arguing with Leonard
and the occupants of the car when Flores pointed the gun at her. Priscilla denied not wanting to get
Leonard in trouble. Priscilla stated that she did not remember what happened after she was hit.
Priscilla admitted initially telling the hospital that she was assaulted by an unknown assailant. In
response to whether she later told the hospital that she was pistol-whipped by four men, Priscilla
stated that she told the hospital that four men were in the vehicle, but she was hit by one.

 On re-direct examination, Priscilla stated that she had no doubt that Flores was the one who
had hit her with the gun. In her statement, Priscilla told the officer that she saw Flores holding a gun
and that Flores was hitting her in the face with the gun as she was being held across the driver's lap.
In response to questioning on re-cross examination, Priscilla stated that she had told the officer, the
detective, and the doctor that Flores hit her. Priscilla later admitted that her statement identifying
Flores as the individual who hit her was different than her earlier statements.

 Dr. Jesse Moss, an otolaryngologist, testified that he performed reconstructive surgery on
Priscilla's eye. Priscilla's medical records indicated that Priscilla stated that she was pistol-whipped
by someone. Dr. Moss described Priscilla's injury and stated that great force was required to cause
that type of injury. Dr. Moss stated that three surgeries had been performed on Priscilla's eye, and
she would require at least one more. Dr. Moss testified that Priscilla suffered serious bodily injury.

 On cross-examination, Dr. Moss testified that when he saw Priscilla, she told him that a guy
hit her with the butt of a gun on her eye and beat her up. Dr. Moss stated that Priscilla's injury was
consistent with being hit on the eye with a blunt object. Dr. Moss stated that if Priscilla had told him
the name of the person who hit her, he would have written it down.

 Officer Rene Salas testified that he pulled a Blazer over which had traveled at a high rate of
speed through a red light. Officer Salas identified Flores as being the front passenger. As Officer
Salas was running the identifications, he heard Officer Willingham broadcast a description of a vehicle
containing four Latin males who were involved in pistol-whipping a girl. The vehicle description
matched the Blazer. The four individuals were handcuffed, and the vehicle was searched. After a
loaded gun was found in the vehicle, the four men were transported to the police station. On cross-examination, Officer Salas stated that he did not recall fingerprints being taken from the gun and that
he did not recall seeing blood on the gun. Officer Salas stated that he did not see Flores handling the
gun at any time.

 Officer William Ratcliff assisted in searching the Blazer and found a loaded pistol hidden
behind the left rear passenger seat. Officer Ratcliff located scratch marks on the gun, indicating that
the serial number had been removed. Officer Ratcliff stated that the gun was not fingerprinted, and
he did not observe any blood on the gun. 

 Valerie Sanchez testified that Flores came to the house and spoke with Crystal outside before
leaving. Valerie's aunt, Crystal, was trying to pressure Priscilla to go out with her and four men.
After Priscilla went outside to wait for her cousins, Valerie heard an engine revving and some
screams. Valerie went to the driver's side of the vehicle and saw Priscilla's feet hanging out. Flores
was seated in the front passenger seat. Valerie saw a lot of movement like the occupants of the
vehicle were hitting Priscilla. As Valerie was pulling Priscilla out by her leg, she saw something
chrome on the passenger side. After Valerie pulled Priscilla out, the vehicle left. Priscilla was
bleeding and told Valerie she could not see. As Valerie was taking Priscilla to a pay phone to call
911, she saw a police officer. The police officer stopped and called an ambulance.

 After hearing the foregoing testimony, the jury found Flores guilty of aggravated assault with
a deadly weapon. The trial court sentenced Flores to twenty-five years imprisonment.

Ineffective Assistance of Counsel


 In his first point of error, Flores contends that trial counsel engaged in ineffective assistance
of counsel by: (1) failing to properly object to prejudicial evidence; (2) failing to request an expert
for testimony on the presence of blood; (3) failing to elicit important exculpatory testimony; and (4)
failing to request a motion for directed verdict. 

 To prevail on a claim for ineffective assistance of counsel, Flores must first show by a
preponderance of the evidence that counsel's performance was deficient, i.e., that his assistance fell
below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812-13 (Tex.
Crim. App. 1999). In addition, Flores must show a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Id. 

 "There is a strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance." Id. at 813. "To defeat the presumption of reasonable professional assistance,
any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Id. at 814. In cases where "the alleged
derelictions primarily are errors of omission de hors the record rather than commission revealed in
the trial record, collateral attack may be the vehicle by which a thorough and detailed examination
of alleged ineffectiveness may be developed and spread upon a record." Id.

 Each of the complaints Flores raises with regard to trial counsel's performance relates to the
failure of trial counsel to take some action, including failing to pursue questioning regarding
statements made in the medical records, failing to develop testimony regarding Priscilla's lucidity,
failing to file a motion to suppress, and failing to request testing by an independent expert. The
record, however, is silent as to the reason trial counsel chose not to take those specific actions.
Because the record is silent, Flores has failed to rebut the presumption trial counsel's decisions during
trial fell within the wide range of reasonable professional assistance. This opinion does not preclude
Flores from resubmitting his ineffective assistance claim via an application for writ of habeas corpus.
See id.

 With regard to Flores's contention that trial counsel failed to object to the admission of
Priscilla's statement, appellant's brief misrepresents the record. Appellant's brief states that trial
counsel failed to re-urge his objection in front of the jury and affirmatively stated that he had no
objection to the admission of the statement, thereby waiving any error resulting from its admission.
The record, however, reveals that after a hearing outside the presence of the jury, the State moved
to introduce the statement into evidence, and the following exchange occurred:

 THE COURT: Mr. Castillo, do you have any objections other than those you've
previously lodged on the record?


 MR. CASTILLO: No objections.


The trial court's question necessarily implied that trial counsel was not required to re-urge the
objections that were already "lodged on the record." Accordingly, trial counsel's response did not
result in a waiver of the prior objections.

 Flores's first point of error is overruled.

Lesser-Included Offenses


 In his second point of error, Flores contends that the trial court erred in refusing to submit
the lesser-included offenses of assault and assault by threat in the jury charge. Flores asserts that the
State's request for an instruction on the law of parties substantiates the necessity for the inclusion of
the lesser-included offenses because the instruction indicated a possibility that Flores was not directly
responsible for Priscilla's injuries and that the jury could possibly believe that Flores "was only guilty
of engaging in assaultive behavior in that he waived a weapon of some type in an attempt to coerce
the complainant into the car, not to help in the assault of her."

 Whether a charge on a lesser-included offense is required is determined by a two-pronged test.
Schweinle v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); Dale v. State, 90 S.W.3d 826, 832
(Tex. App.--San Antonio 2002, pet. ref'd). First, we must determine whether the offense constitutes
a lesser-included offense, and second, some evidence must exist in the record that would permit a jury
to rationally find that, if guilty of an offense, defendant is guilty only of the lesser-included offense.
Schweinle, 915 S.W.2d at 18; Dale, 90 S.W.3d at 832. Anything more than a scintilla of evidence
from any source is sufficient to entitle a defendant to submission of the issue. Schweinle, 915 S.W.2d
at 18; Dale, 90 S.W.3d at 832. To be entitled to a charge, the evidence must establish the
lesser-included offense as a valid, rational alternative to the charged offense. Dale, 90 S.W.3d at 832.

 In this case, the evidence fails to establish that the lesser-included offenses of assault and
assault by threat were valid, rational alternatives to the charged offense. In order to find Flores guilty
only of the lesser-included offense of assault, the jury would have to be able to rationally find that
Priscilla only sustained bodily injury as opposed to serious bodily injury. (1) However, Dr. Moss's
testimony that Priscilla sustained serious bodily injury was undisputed, and Priscilla testified that she
continues to have double vision in her injured eye. Accordingly, the evidence did not establish that
the lesser-included offense of assault was a valid, rational alternative to the charged offense.

 With regard to the lesser-included offense of assault by threat, the State's request for an
instruction on the law of parties does not change the state of the evidence. Priscilla testified that
Flores hit her with a silver gun, and Valerie saw something chrome on the passenger side where
Flores was seated. If the jury believed Priscilla, the jury could only rationally find that Flores
participated in the assault. If the jury disbelieved Priscilla, the jury would have to acquit Flores. The
evidence presented did not establish that the lesser-included offense of assault by threat was a valid,
rational alternative.

 Flores's second point of error is overruled.

Sufficiency


 In his third point of error, Flores challenges the sufficiency of the evidence to support his
conviction. To determine the legal sufficiency of the evidence to support a conviction, we view all
the evidence in the light most favorable to the verdict and ask if any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 318-19 (1979). For a factual sufficiency review, an appellate court looks at all the evidence
to determine whether it is so weak as to make the verdict clearly wrong and manifestly unjust or
whether the adverse finding is against the great weight and preponderance of the available evidence.
Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003).

 Flores appears to contend that the evidence is insufficient because Priscilla's identification of
him as her assailant is contradicted by statements in her medical records where she did not identify
Flores as her assailant. In addition, Flores relies on the testimony that Priscilla was covered in blood,
but the officers did not observe any blood on the front seat of the car where Flores was sitting. 

 In addition to Priscilla's identification of Flores as her assailant, Valerie also testified that
Flores was seated in the front passenger seat and that she saw something chrome on that side of the
vehicle. Priscilla's failure to identify Flores as her assailant in her medical records allowed the jury
to question her credibility; however, we must defer to the jury's determination concerning what
weight to give the contradictory evidence because it turns on an evaluation of credibility and
demeanor, and the jurors were in attendance when the testimony was delivered. Johnson v. State,
23 S.W.3d 1, 8 (Tex. Crim. App. 2000). The evidence is legally and factually sufficient to support
the jury's verdict.

 Flores's third point of error is overruled.

 Conclusion


 The judgment of the trial court is affirmed.


 Alma L. López, Chief Justice

DO NOT PUBLISH


1. "Bodily injury" is defined as physical pain, illness, or any impairment of physical condition. Tex. Pen. Code
Ann. § 1.07(a)(8) (Vernon 2003). "Serious bodily injury" is defined as bodily injury that creates a substantial risk of
death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any
bodily member or organ. Tex. Pen. Code Ann. § 1.07(a)(46) (Vernon 2003).