02-10-357-CR









 
 
 
 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00357-CR

 

 


 
 
 Tommy Ray Oaks
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  INTRODUCTION

          A
Tarrant County jury found Appellant Tommy Ray Oaks guilty of the felony offense
of aggravated assault.  The trial court assessed his punishment, enhanced by
one prior felony conviction, at imprisonment for twenty years.  In this appeal
Appellant alleges that no rational jury could have determined the complainant
suffered serious bodily injury and that his trial counsel was ineffective.  We
will affirm the judgment of the trial court.

II.  BACKGROUND

          On
February 18, 2010, a Tarrant County grand jury returned an indictment charging Appellant
with aggravated assault under Texas Penal Code § 22.02(a)(1) (assault
causing serious bodily injury).  The grand jury, through its indictment,
alleged that on or about November 13, 2009, Appellant “intentionally or
knowingly commit[ted] assault on Reginald Walker by striking him with [Appellant’s]
hand or by striking him with [Appellant’s] foot and caused serious bodily
injury to [him].”

          On
August 10, 2010, the State brought Appellant to trial before a petit jury.  At
the guilt or innocence stage of the trial, the State presented evidence that late
on the afternoon of November 13, 2009, Appellant walked into an “ABC”
convenience store in Fort Worth and assaulted Reginald Walker with his hand and
his foot without provocation.  The State’s evidence showed Walker was the
husband of Appellant’s girlfriend.  The State also presented evidence that in
the course of Appellant’s assault on Walker, he fractured Walker’s jawbone and
the radius and ulna bones in Walker’s left forearm.

          Dr.
Kathryn Heim, an orthopedic surgeon, testified that on November 14, 2009, Walker’s
fractured radius and ulna bones were surgically repaired at John Peter Smith
Hospital in Fort Worth.  She testified further that later that month, an oral
and maxillofacial surgeon surgically repaired Walker’s fractured jawbone.  She testified
further that Walker would have been left with a permanently deformed and
dysfunctional arm and a permanently dysfunctional jaw without those two
surgeries.  Walker himself testified that his left arm was “weaker than it used
to be” and that “sometimes it’s a little bit difficult [for him] to chew food” even
after the two surgeries.

          Appellant
presented evidence that at the time and place in question, he reasonably feared
that Walker was about to assault him and that he therefore acted against Walker
in self-defense.  The record reflects that the trial court instructed the jury
on the law of self-defense.

III. 
POINT NUMBER ONE

          In
his first point, Appellant argues that the evidence is insufficient to support
his conviction because “no rational [jury] could have found the element of
‘serious bodily injury’ to be present beyond a reasonable doubt.”  Appellant
points out that Dr. Heim testified that because Walker’s injuries were repaired
surgically, he could have “a small amount of residual loss of function.”

          The
State argues in response that the evidence is sufficient to prove serious
bodily injury because Dr. Heim testified that without the two surgeries, Walker
would have been left with permanent deformity and dysfunction.  The State
argues further that “the relevant issue is the disfiguring and impairing
quality of the bodily injury as it was inflicted, not after the effects have
been ameliorated [with] medical treatment.”

          Consistent
with the Fourteenth Amendment’s guarantee of due process of law, a criminal
defendant may not be convicted and deprived of his liberty except upon proof
beyond a reasonable doubt.  In re Winship, 397 U.S. 358, 364, 90
S. Ct. 1068, 1072–73 (1970).  In assessing the sufficiency of the evidence
under the Fourteenth Amendment Due Process Clause to support a criminal
conviction, an appellate court must consider all the record evidence in the
light most favorable to the jury’s verdict and must determine whether, based on
that evidence and all reasonable inferences therefrom, any rational trier of
fact could have found the defendant guilty of all the elements of the offense
beyond a reasonable doubt.  Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim.
App. 1981).  In that analysis, the elements of the offense are defined by the
hypothetically correct jury charge for the case.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge is one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Id.

          The
hypothetically correct jury charge for this case would state the elements of
the charged offense as follows:  (1) Appellant (2) knowingly or
intentionally (3) caused serious bodily injury to Walker (4) by
striking him with Appellant’s hand or foot.  In this context, “serious bodily
injury” is statutorily defined as “bodily injury that creates a substantial
risk of death or that causes death, serious permanent disfigurement, or
protracted loss or impairment of the function of any bodily member or organ.” 
Tex. Pen. Code Ann. § 1.07(a)(46) (West 2011).

          As
we noted previously, Appellant argues that based on the evidence adduced at
trial, no rational trier of fact could have found him guilty of the third
element—that he caused serious bodily injury to Walker—beyond a reasonable
doubt.  Appellant does not challenge the sufficiency of the evidence to support
the other elements.

          We
are not persuaded by Appellant’s argument.  As we noted previously, Dr. Heim
testified that Walker would have been left with a permanently deformed and
dysfunctional arm and a permanently dysfunctional jaw without the surgeries. 
And Walker testified that even after the two surgeries, his arm was weaker than
it had been before the assault and that he sometimes had difficulty chewing his
food.  From this evidence, a rational trier of fact could have concluded beyond
a reasonable doubt that Appellant’s assault on Walker left him with injuries
that, in themselves, would be permanently disfiguring and/or would cause
protracted loss of bodily function.  As the State points out, the issue within
the contemplation of the aggravated assault statute was the disfiguring and
impairing quality of the injuries as they were originally inflicted, not as
they were after ameliorative medical treatment.  Brown v. State, 605 S.W.2d 572, 577 (Tex. Crim. App.
1980), overruled on other grounds by Hedicke v. State, 779 S.W.2d
837 (Tex. Crim. App. 1989).  A defendant who commits aggravated assault causing
serious bodily injury does not get a legal windfall simply because the victim
has good medical care.  We overrule Appellant’s first point.

IV. 
POINT NUMBER TWO

          In
his second point, Appellant argues that his trial counsel rendered
constitutionally ineffective assistance by failing to request a jury
instruction on the lesser included offense of misdemeanor assault causing
bodily injury.  See Tex. Pen. Code Ann. § 22.01(a)(1) (West 2011);
Tex. Code Crim. Proc. Ann. § 37.09(2) (West 2006); 43 George E. Dix
et al., Texas Practice:  Criminal Practice and Procedure
§ 43:48 (3d ed. 2011) (“[I]t is clear that an offense [such as misdemeanor
assault] requiring proof only of ‘bodily injury’ is a lesser included offense
of an otherwise identical offense [such as aggravated assault] requiring
‘serious bodily injury.’”).  Appellant argues that “[t]he jury [at his trial]
could have rationally believed that [Walker’s] injury was simply bodily
injury.”  Appellant argues further that his trial counsel’s failure to request
an instruction on misdemeanor assault was “obvious on its face” and had no
possible strategic basis.  Finally, Appellant argues that he was harmed by his
trial counsel’s deficient performance because it exposed him to a greater range
of punishment.

          The
State argues in response that Appellant’s trial counsel did not render
ineffective assistance by failing to request a jury instruction on the lesser
included offense of misdemeanor assault because there was no evidence at trial
to support such an instruction.  The State argues further that even if there had
been such evidence at trial, trial counsel’s decision to forgo an instruction
on the lesser included offense could have been reasonable trial strategy.

          The
Sixth Amendment to the United States Constitution provides that “[i]n all
criminal prosecutions, the accused shall enjoy the right . . . to
have the Assistance of Counsel for his defence.”  U.S. Const. amend. VI.  This
right was made applicable to state felony prosecutions by the Due Process Clause
of the Fourteenth Amendment.  Gideon v. Wainwright, 372 U.S. 335, 342–45,
83 S. Ct. 792, 795–97 (1963).  This right to counsel is not merely the
right to have counsel physically present in the courtroom; it is the right to
have the reasonably effective assistance of counsel in the courtroom.  McMann
v. Richardson, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449, n.14
(1970).

          In
the usual case, in order to obtain a reversal of his conviction on the basis of
ineffective assistance of counsel, an appellant must demonstrate both deficient
performance and prejudice.  That is, he must demonstrate that: (1) defense
counsel’s professional performance fell below an objective standard of
reasonableness and (2) there is a reasonable probability that but for
defense counsel’s unprofessional errors, the result of the proceeding would
have been different.  Strickland v. Washington, 466 U.S. 668, 687–88,
104 S. Ct. 2052, 2064 (1984); Cannon v. State, 252 S.W.3d 342, 348–49
(Tex. Crim. App. 2008).

          In
the absence of evidence of counsel’s reasons for the challenged conduct, an
appellate court must assume a strategic motivation if any can possibly be
imagined, and it may not conclude that the challenged conduct constituted
deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001), cert. denied, 537 U.S. 1195, 123 S. Ct.
1351 (2003).

          An
instruction on a lesser included offense requested by the defense is required
only if the following two conditions are met:  (1) the lesser offense is a
lesser included offense (of the greater charged offense) as defined by Texas
Code of Criminal Procedure article 37.09 and (2) there is some evidence in
the record that would permit a rational jury to find that the defendant, if
guilty, is guilty only of the lesser included offense.  Rousseau v. State,
855 S.W.2d 666, 672 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993). 
With respect to the second condition, it is insufficient that the jury might
disbelieve evidence pertaining to the greater offense; rather, there must be
some evidence directly germane to the lesser offense for the jury to consider
before an instruction on the lesser offense is warranted.  Schweinle v.
State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996).

          Given
the record evidence and the relevant principles of law, we are unpersuaded by Appellant’s
claim of ineffective assistance of counsel.  First, we note that the record
contains no evidence of the reason or reasons why Appellant’s trial counsel did
not request an instruction on the lesser included offense of misdemeanor
assault.  Given the evidence adduced at trial, trial counsel could have
reasonably concluded that Appellant was not legally entitled to such an
instruction because the evidence did not warrant it.  See Ex parte
Chandler, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (“[A] reasonably
competent counsel need not perform a useless or futile act, such as requesting
a jury instruction to which the defendant is not legally entitled . . . .”)
(footnote omitted).  As we noted previously, the testimony of Walker and Dr.
Heim supported a jury finding of serious bodily injury, and there was no
evidence presented at trial to dispute their testimony on that matter.  In
other words, there was no evidence directly germane to misdemeanor assault for
the jury to consider.

          It
may also have been that trial counsel’s strategy was to “go for broke” with the
self-defense theory (see discussion above).  The record reflects that during
closing argument, trial counsel argued at great length that the jury should
acquit Appellant on the ground he felt threatened and acted in self-defense
when he assaulted Walker.  Although that trial strategy was not ultimately
successful, we cannot say now in hindsight that it was so outrageous that no
competent attorney would have engaged in it.  We overrule Appellant’s second
point.

V.  CONCLUSION

          Having
overruled both of Appellant’s points on appeal, we affirm the judgment of the
trial court.

 

PER CURIAM

 

PANEL:  CHARLES R. HOLCOMB (Senior Judge, Retired,
Sitting By Assignment); LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 23, 2011









[1]See Tex. R. App. P. 47.4.