

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00357-CR

TOMMY RAY OAKS                                                        APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A Tarrant County jury found Appellant Tommy Ray Oaks guilty of the felony offense of aggravated assault. The trial court assessed his punishment, enhanced by one prior felony conviction, at imprisonment for twenty years. In this appeal Appellant alleges that no rational jury could have determined the

---

[1]*See* Tex. R. App. P. 47.4.

complainant suffered serious bodily injury and that his trial counsel was ineffective. We will affirm the judgment of the trial court.

## II. BACKGROUND

On February 18, 2010, a Tarrant County grand jury returned an indictment charging Appellant with aggravated assault under Texas Penal Code § 22.02(a)(1) (assault causing serious bodily injury). The grand jury, through its indictment, alleged that on or about November 13, 2009, Appellant "intentionally or knowingly commit[ted] assault on Reginald Walker by striking him with [Appellant's] hand or by striking him with [Appellant's] foot and caused serious bodily injury to [him]."

On August 10, 2010, the State brought Appellant to trial before a petit jury. At the guilt or innocence stage of the trial, the State presented evidence that late on the afternoon of November 13, 2009, Appellant walked into an "ABC" convenience store in Fort Worth and assaulted Reginald Walker with his hand and his foot without provocation. The State's evidence showed Walker was the husband of Appellant's girlfriend. The State also presented evidence that in the course of Appellant's assault on Walker, he fractured Walker's jawbone and the radius and ulna bones in Walker's left forearm.

Dr. Kathryn Heim, an orthopedic surgeon, testified that on November 14, 2009, Walker's fractured radius and ulna bones were surgically repaired at John Peter Smith Hospital in Fort Worth. She testified further that later that month, an oral and maxillofacial surgeon surgically repaired Walker's fractured jawbone.

She testified further that Walker would have been left with a permanently deformed and dysfunctional arm and a permanently dysfunctional jaw without those two surgeries. Walker himself testified that his left arm was "weaker than it used to be" and that "sometimes it's a little bit difficult [for him] to chew food" even after the two surgeries.

Appellant presented evidence that at the time and place in question, he reasonably feared that Walker was about to assault him and that he therefore acted against Walker in self-defense. The record reflects that the trial court instructed the jury on the law of self-defense.

### III.  POINT NUMBER ONE

In his first point, Appellant argues that the evidence is insufficient to support his conviction because "no rational [jury] could have found the element of 'serious bodily injury' to be present beyond a reasonable doubt." Appellant points out that Dr. Heim testified that because Walker's injuries were repaired surgically, he could have "a small amount of residual loss of function."

The State argues in response that the evidence is sufficient to prove serious bodily injury because Dr. Heim testified that without the two surgeries, Walker would have been left with permanent deformity and dysfunction. The State argues further that "the relevant issue is the disfiguring and impairing quality of the bodily injury as it was inflicted, not after the effects have been ameliorated [with] medical treatment."

Consistent with the Fourteenth Amendment's guarantee of due process of law, a criminal defendant may not be convicted and deprived of his liberty except upon proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1072–73 (1970). In assessing the sufficiency of the evidence under the Fourteenth Amendment Due Process Clause to support a criminal conviction, an appellate court must consider all the record evidence in the light most favorable to the jury's verdict and must determine whether, based on that evidence and all reasonable inferences therefrom, any rational trier of fact could have found the defendant guilty of all the elements of the offense beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). In that analysis, the elements of the offense are defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*.

The hypothetically correct jury charge for this case would state the elements of the charged offense as follows: (1) Appellant (2) knowingly or intentionally (3) caused serious bodily injury to Walker (4) by striking him with Appellant's hand or foot. In this context, "serious bodily injury" is statutorily defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the

4

function of any bodily member or organ." Tex. Pen. Code Ann. § 1.07(a)(46) (West 2011).

As we noted previously, Appellant argues that based on the evidence adduced at trial, no rational trier of fact could have found him guilty of the third element—that he caused serious bodily injury to Walker—beyond a reasonable doubt. Appellant does not challenge the sufficiency of the evidence to support the other elements.

We are not persuaded by Appellant's argument. As we noted previously, Dr. Heim testified that Walker would have been left with a permanently deformed and dysfunctional arm and a permanently dysfunctional jaw without the surgeries. And Walker testified that even after the two surgeries, his arm was weaker than it had been before the assault and that he sometimes had difficulty chewing his food. From this evidence, a rational trier of fact could have concluded beyond a reasonable doubt that Appellant's assault on Walker left him with injuries that, in themselves, would be permanently disfiguring and/or would cause protracted loss of bodily function. As the State points out, the issue within the contemplation of the aggravated assault statute was the disfiguring and impairing quality of the injuries as they were originally inflicted, not as they were after ameliorative medical treatment. *Brown v. State*, 605 S.W.2d 572, 577 (Tex. Crim. App. 1980), *overruled on other grounds by Hedicke v. State*, 779 S.W.2d 837 (Tex. Crim. App. 1989). A defendant who commits aggravated assault

causing serious bodily injury does not get a legal windfall simply because the victim has good medical care.  We overrule Appellant's first point.

## IV.  POINT NUMBER TWO

In his second point, Appellant argues that his trial counsel rendered constitutionally ineffective assistance by failing to request a jury instruction on the lesser included offense of misdemeanor assault causing bodily injury.  *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West 2011); Tex. Code Crim. Proc. Ann. § 37.09(2) (West 2006); 43 George E. Dix et al., *Texas Practice: Criminal Practice and Procedure* § 43:48 (3d ed. 2011) ("[I]t is clear that an offense [such as misdemeanor assault] requiring proof only of 'bodily injury' is a lesser included offense of an otherwise identical offense [such as aggravated assault] requiring 'serious bodily injury.'").  Appellant argues that "[t]he jury [at his trial] could have rationally believed that [Walker's] injury was simply bodily injury."  Appellant argues further that his trial counsel's failure to request an instruction on misdemeanor assault was "obvious on its face" and had no possible strategic basis.  Finally, Appellant argues that he was harmed by his trial counsel's deficient performance because it exposed him to a greater range of punishment.

The State argues in response that Appellant's trial counsel did not render ineffective assistance by failing to request a jury instruction on the lesser included offense of misdemeanor assault because there was no evidence at trial to support such an instruction.  The State argues further that even if there had

6

been such evidence at trial, trial counsel's decision to forgo an instruction on the lesser included offense could have been reasonable trial strategy.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right was made applicable to state felony prosecutions by the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 342–45, 83 S. Ct. 792, 795–97 (1963). This right to counsel is not merely the right to have counsel physically present in the courtroom; it is the right to have the reasonably effective assistance of counsel in the courtroom. *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449, n.14 (1970).

In the usual case, in order to obtain a reversal of his conviction on the basis of ineffective assistance of counsel, an appellant must demonstrate both deficient performance and prejudice. That is, he must demonstrate that: (1) defense counsel's professional performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for defense counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064 (1984); *Cannon v. State*, 252 S.W.3d 342, 348–49 (Tex. Crim. App. 2008).

In the absence of evidence of counsel's reasons for the challenged conduct, an appellate court must assume a strategic motivation if any can possibly be imagined, and it may not conclude that the challenged conduct

7

constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195, 123 S. Ct. 1351 (2003).

An instruction on a lesser included offense requested by the defense is required only if the following two conditions are met: (1) the lesser offense is a lesser included offense (of the greater charged offense) as defined by Texas Code of Criminal Procedure article 37.09 and (2) there is some evidence in the record that would permit a rational jury to find that the defendant, if guilty, is guilty only of the lesser included offense. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). With respect to the second condition, it is insufficient that the jury might disbelieve evidence pertaining to the greater offense; rather, there must be some evidence directly germane to the lesser offense for the jury to consider before an instruction on the lesser offense is warranted. *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996).

Given the record evidence and the relevant principles of law, we are unpersuaded by Appellant's claim of ineffective assistance of counsel. First, we note that the record contains no evidence of the reason or reasons why Appellant's trial counsel did not request an instruction on the lesser included offense of misdemeanor assault. Given the evidence adduced at trial, trial counsel could have reasonably concluded that Appellant was not legally entitled to such an instruction because the evidence did not warrant it. *See Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) ("[A] reasonably

8

competent counsel need not perform a useless or futile act, such as requesting a jury instruction to which the defendant is not legally entitled . . . .") (footnote omitted). As we noted previously, the testimony of Walker and Dr. Heim supported a jury finding of serious bodily injury, and there was no evidence presented at trial to dispute their testimony on that matter. In other words, there was no evidence directly germane to misdemeanor assault for the jury to consider.

It may also have been that trial counsel's strategy was to "go for broke" with the self-defense theory (see discussion above). The record reflects that during closing argument, trial counsel argued at great length that the jury should acquit Appellant on the ground he felt threatened and acted in self-defense when he assaulted Walker. Although that trial strategy was not ultimately successful, we cannot say now in hindsight that it was so outrageous that no competent attorney would have engaged in it. We overrule Appellant's second point.

## V. CONCLUSION

Having overruled both of Appellant's points on appeal, we affirm the judgment of the trial court.

PER CURIAM

PANEL: CHARLES R. HOLCOMB (Senior Judge, Retired, Sitting By Assignment); LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2011