ACCEPTED
06-15-00082-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/17/2015 4:00:46 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

8/17/2015 4:00:46 PM

DEBBIE AUTREY
Clerk

**FRED DOUGLAS MOORE, JR.**
APPELLANT

v.

**THE STATE OF TEXAS,**
APPELLEE

§
§
§
§
§
§
§
§
§

No. 06-15-00082-CR

---

## STATE'S BRIEF

---

FROM THE 196TH DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL CAUSE NUMBER 29,762
THE HONORABLE J. ANDREW BENCH, JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**Jeff Kovach**
Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24065571

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... 2

INDEX OF AUTHORITIES ............................................................................... 3

STATEMENT OF FACTS.................................................................................. 4

SUMMARY OF THE STATE'S ARGUMENTS........................................... 5

STATE'S ARGUMENT...................................................................................... 5

PRAYER ............................................................................................................. 12

CERTIFICATE OF SERVICE......................................................................... 13

# INDEX OF AUTHORITIES

## CASES

*Bignall v. State,* 887 S.W.2d 21, (Tex.Crim.App.1994) .................................................. 9

*Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010) ............................................ 12

*Hall v. State,* 225 S.W.3d 524 (Tex. Crim. App. 2007) ................................................ 7-8

*Jackson v. Virginia* 442 U.S. 307 (1979) ...................................................................... 12

*Jones v. State,* 984 S.W.2d 254 (Tex. Crim. App. 1998) ................................................ 9

*Reyna v. State,* 168 S.W.3d 173 (Tex. Crim. App. 2005) ............................................. 5-6

*Robertson v. State,* 871 S.W.2d 701 (Tex.Crim.App.1993) ............................................. 9

*Royster v. State,* 622 S.W.2d 442 (Tex. Crim. App. 1981) .............................................. 8

*Saunders v. State,* 913 S.W.2d 564 (Tex. Crim. App. 1995) ........................................... 9

*Schweinle v. State,* 915 S.W.2d 17 (Tex. Crim. App. 1996) ............................................ 9

*Simmons v. State,* 109 S.W.3d 469 (Tex.Crim.App.2003) ............................................... 8

*Skinner v. State,* 956 S.W.2d 532 (Tex.Crim.App.1997) .............................................. 9-10

## STATUTES AND RULES

Tex. Penal Code Sec. 29.091(1) ..................................................................................... 7-8

Tex. Penal Code Sec. 31.03 (Tex. Crim. App. 2010) .................................................... 8,11

Tex. Rules Evid. 608(a) ...................................................................................................... 6

Tex. Rules Evid. 608(b) ...................................................................................................... 5

Tex. Rules Evid. 609 .......................................................................................................... 6

## Statement of Facts

The State agrees with Appellant's Statement of the facts with the following exceptions and additions. First, Appellant contends that Mr. Hernandez, the victim in the case, testified that as Appellant shook Mr. Hernandez's hand Appellant reached under the counter and grabbed forty dollars. (R.R. 3. P. 28). That is not what Mr. Hernandez testified to, he testified that Appellant shook his hand, then the video played forward several minutes and was stopped, as shown on the transcript, and then, when Appellant on the video reached under the counter, Mr. Hernandez was asked what Appellant took and then he replied "He grabbed I believe it was forty dollars." (R.R. 3. P. 28) I see how Appellant's counsel could be confused since the record wasn't clear as to the exact time on the video the questions were relating to and she was not there at the trial.

Appellant also fails to mention that Mr. Hernandez testified that he felt "Just a little bit" of pain. (R.R. 3 p. 29). In addition, the video introduced by the State shows Appellant shoving Mr. Hernandez across the room and grabbing him by the neck. (State's Exhibit 1). Finally, Appellant left out the fact that the Court did allow Appellant to put in front of the jury the fact that Mr. Hernandez's employer, Jasmeet Sachdeva, did find not find him a very truthful person. (R.R. 3. P. 122).

## SUMMARY OF THE ARGUMENT

Appellant was not denied due process of law or the right to confront his accusers because whether the victim in this case, Mr. Hernandez, allowed people to steal from the store in the past, has no relevance as to whether Appellant committed robbery in this case and was impermissible impeachment evidence under Rule 608(b) and the Appellant failed to properly preserve error at the trial court level.

The Court did not err in failing to give a jury instruction on a lesser included offense of theft because there is no evidence in the record that the defendant was guilty only of theft, but not of robbery.

The evidence is legally sufficient to prove the offense of robbery as there is evidence to support all of the elements of the offense of robbery as defined by the penal code.

## ARGUMENT

### POINT OF ERROR ONE

To properly preserve for Appellate Review an error for a Confrontation Clause violation, the Appellant must put the trial judge on notice as to why the evidence is admissible. *Reyna v. State,* 168 S.W.3d 173 (Tex. Crim. App. 2005). Nowhere in the record did Appellant let the trial Court know that he was making an argument for admissibility based on the Confrontation Clause, the only

reference to any law in Appellant's argument was "And under the Rules of Evidence –". (R.R. 3 p.33). When a defendant's objection encompasses complaints under both the Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error. *Reyna* at 179. Therefore, with regards to Appellant's cross examination of both Mr. Hernandez and Mr. Sachdeva, Appellant failed to properly preserve error for appeal.

If the Court does find that Appellant properly preserved error for appeal, Appellant was still allowed to introduce the only evidence that the Rules of Evidence allow, other than a conviction under Rule 609, and that is an opinion on truthfulness. Tex. R. Evid. 608(a). Mr. Sachdeva, did find not find him a very truthful person. (R.R. 3. P. 122).

Appellant argues that he was not allowed to present his defense of consent, which has also been raised for the first time on appeal and should be overruled for the same reasons that his Confrontation Clause should be overruled in that the defense wasn't preserved for appeal. The mere disputed fact that Mr. Hernandez let other individuals take things in the past has no bearing or relevance on whether Appellant thought he had consent to take cash from behind the counter without a showing that Appellant knew Mr. Hernandez has allegedly allowed others to take things in the past. Without that knowledge in Appellant's mind, and there is no evidence that Appellant himself knew or thought that Mr. Hernandez had allowed others to take things in the past, it would not be relevant evidence to begin with. Therefore, Appellant's first point of error should be overruled.

## POINT OF ERROR TWO

The Court did not err in failing to give a jury instruction on Theft as a lesser included offense to Robbery. The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. It does not depend on the evidence to be produced at the trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Hall v. State.*, 225 S.W.3d 524, 535-536 (Tex. Crim. App. 2007). The relevant portion of the Indictment in the present case reads as follows:

> FRED DOUGLAS MOORE, JR., did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to ANDRES HERNANDEZ by pushing, grabbing, hitting and/or struggling with ANDRES HERNANDEZ' leg and arm; (C.R. p. 6)

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." (Tex. Penal Code Sec 29.01(1)). Next the Court is to look at the statutory elements of the alleged lesser-included offense of Theft. Those are:

1. The Appellant

2. Unlawfully

3. Appropriates property

4. With intent to deprive the owner of property (Tex. Penal Code Sec. 31.03)

The court then determines whether the elements of Theft as defined by statute are proven by the same or less than all the facts required to prove the alleged greater charge as it is charged in the indictment. *See generally Hall v. State*. They are not here, particularly Theft requires the appropriation of property. (Tex. Penal Code Sec 31.03). "In the course of committing theft" requires only that an attempt to commit theft be made and no appropriation is required. (Tex. Penal Code Sec 29.01(1)). In addition, under Texas law, the value of the property taken is an essential element of the offense of Theft. *See Simmons v. State,* 109 S.W.3d 469, 478–79 (Tex.Crim.App.2003). Since value is not required to be proved for a Robbery, that is another element that requires more proof for Theft than is required for Robbery. Therefore, looking at the crime of Robbery as charged and Theft as defined by statute, it would require more facts to prove the elements of Theft than it would to prove the elements of Robbery as charged and Theft is not a lesser included offense in this case and Point of Error Number Two fails the first prong of the two prong test established by *Hall* and should be overruled.

Even if the court believes Theft is a lesser included offense as a matter of law under the first prong of the two part lesser-included test established by *Hall*, in this case there is no evidence in the record to permit a jury rationally to find that if the Appellant is guilty, he is guilty only of the lesser-included offense as required by *Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981). Under the second

prong, if evidence from any source raises the issue of a lesser included offense, a charge on that offense is required. *Saunders v. State*, 913 S.W.2d 564 (Tex. Crim. App. 1995). The credibility of the evidence and whether it conflicts with any other evidence must not be considered in deciding whether to charge on the lesser included offense. *Jones v. State*, 984 S.W.2d 254 (Tex. Crim. App. 1998). A "lesser included offense may be raised if evidence either affirmatively refutes or negates an element establishing the greater offense." *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). There is no evidence in the record that affirmatively refutes or negates an element establishing the greater offense, in this case causing bodily injury. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994). Although this threshold showing is low, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex.Crim.App.1997). Accordingly, we have stated that the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Robertson v. State*, 871 S.W.2d 701, 706 (Tex.Crim.App.1993).

Appellant claims that there is no evidence in the record to show that Appellant caused any injury to the alleged victim during the course of the

interaction that led to Appellant's conviction. That is simply not true, and Mr. Hernandez testified that he felt "Just a little bit" of pain. (R.R. 3 p. 29). No rational juror, and the word rational has to have some meaning, could believe after watching the video and listening to the testimony of Mr. Hernandez that Mr. Hernandez and not Appellant was the proximate cause of the pain in his arm and leg that he felt. Appellant seems to be claiming, as his attorney did at trial, that if Appellant didn't use force to acquire the property, then it isn't a Robbery even if he used force, which State's Exhibit one clearly shows he did, in the immediate flight after theft. Although this threshold showing is low, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App.1997). The *Skinner* opinion is what we have here, although the threshold is low to get a lesser included, we can't simply give a lesser included because a jury might refuse to believe what they see on the video which is a textbook strong arm robbery, there has to be some direct evidence, such as the Appellant or another witness testifying he didn't use cause bodily injury, for Appellant to get a lesser included, and that evidence simply isn't in the record. Therefore Point of Error Number Two should be overruled for failing the second prong of the two prong test.

Finally, Appellant failed to properly preserve Point of Error Two for Appeal by failing to specifically state which Theft offense that Appellant wanted

10

as a lesser included offense. Did Appellant want a Theft of Property under Fifty Dollars Class C Misdemeanor charge? Did Appellant want a Theft from a Person State Jail Felony Charge? All Appellant's Attorney stated was "I would be requesting a lesser included charge for just theft." (R.R. 3 p. 128-129). Theft comes in grades from a Class C Misdemeanor to a First Degree Felony. Tex.. Penal Code Sec. 31.03. Value alone does not determine the grade Theft. Tex. Penal Code Sec. 31.03. The State has pointed out two specific grades of Theft that would be lesser offenses than Robbery, but without Appellant specifying which Theft offense he wanted, the trial court judge was not properly put on notice much like he was not put on notice with Appellant's first time on appeal Confrontation Clause violation argument. Therefore, Point of Error Number Two should be overruled.

## POINT OF ERROR THREE

Appellant claims the evidence is legally insufficient to support a conviction for armed robbery because there is no evidence that Appellant himself intentionally, knowingly, or recklessly caused bodily injury to the victim. Appellant begins the argument by stating the record is unequivocal that there is no evidence of a threat to the victim, an argument the State agrees with but the Appellant was not charged with a robbery by threat but robbery by causing bodily injury, so the argument is pointless.

Next Appellant argues there is no evidence that Appellant himself caused injury to the victim. Appellant does not seem to contest that an injury occurred,

11

Appellant even quotes the victim as testifying that one did, but simply that the victim did not say specifically that that Appellant caused the injury. There is no legal requirement that I can find in the case law that says the victim to a crime must specifically state that the Defendant caused him or her an injury, in fact in a murder case, absent a dying declaration, that would be impossible.

For legal sufficiency the question is, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* 442 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (Adopting *Jackson* legal sufficiency standard as the only standard a reviewing Court should apply when examining sufficiency of the evidence). After watching the video is State's Exhibit 1 and listening the testimony of the victim in this case not only could any rational trier of fact find Appellant guilty, only an irrational trier of fact would not. In State's Exhibit 1 video Appellant can be seen shoving the victim across the room and grabbing at his neck. The victim testified that he felt "Just a little bit" of pain as a result of Appellant's conduct while taking money. (R.R. 3 p. 29) Therefore, the evidence is sufficient to believe Appellant caused bodily injury in the course of committing theft and Point of Error Three should be overruled.

## PRAYER

**Appellant's trial was without prejudicial error. The State prays that Appellant's conviction and sentence be affirmed.**

12

Respectfully submitted,

NOBLE DAN WALKER, JR.
**District Attorney**
**Hunt County, Texas**


_____**/s/ Jeff Kovach**_____
Jeff T. Kovach
**Assistant District Attorney**
**P. O. Box 441**
**4th Floor, Hunt County Courthouse**
**Greenville, TX 75403**
**State Bar No. 24065571**
**(903) 408-4180**
**FAX (903) 408-4296**

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been served to Jessica Edwards, Appellant's attorney of record, August14th, 2015, pursuant to Texas Rules of Appellate Procedure.

_____**/s/ Jeff Kovach**_____
**Jeff T. Kovach**
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I certify that Appellee's Brief is written in Times New Roman font size 13 point text. Appellee's brief has 2474 words according to the word count feature on Appellee's word processing program .

_____**/s/ Jeff Kovach**_____
**Jeff T. Kovach**
Assistant District Attorney